UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JIMMY SABAS SANCHEZ-RAMIREZ, et al.,    :

                                                 :

              Plaintiffs,         :         MEMORANDUM ORDER

                                                 :

    -v.-                                  14 Civ. 9970 (GWG)

                                                 :

MASTERS FOOD SERVICE INC., et al.,     :

             Defendants.      :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Background

      The parties in this case entered into a settlement under which defendants Masters Food Service, Inc., Rick Gursoy, and Ahmad Alouie were required to make 12 payments at intervals specified in their agreement. See Settlement Agreement, filed Feb. 1, 2016 (attached as Ex. A to Letter from Jacob Aronauer, dated Feb. 1, 2016 (Docket # 81)) ("Settlement Agreement"), ¶¶ 2-3. The Court approved the Settlement Agreement on February 17, 2016, and retained jurisdiction to enforce it. See Order of Discontinuance, filed Feb. 18, 2016 (Docket # 83). Under the terms of the agreement, defendants had until February 2017 to make all 12 required payments. See Settlement Agreement ¶¶ 2-3.

      Defendants admit that they failed to make all timely payments. See Declaration of Adam C. Weiss, Esq., filed June 22, 2017 (Docket # 105) ("Weiss Decl."), ¶ 3. In light of their default, plaintiff Jimmy Sanchez-Ramirez seeks a judgment of $25,693.52. See Summary of Monies Owed (attached as Ex. K to Declaration, filed June 15, 2017 (Docket # 102) ("Aronauer June 15 Decl.")). Plaintiff Arturo Sanchez is not seeking any further recovery. See Declaration of Jacob

Arnouer, filed Aug. 10, 2017 (Docket # 122), ¶ 7. Defendants concede they are in default but assert that they owe only $6271.86. Weiss Decl. ¶¶ 6-7.

A district court is empowered to enforce a settlement where it has reserved jurisdiction over the agreement by incorporating it into an order of the court." Gesualdi v. PAV-CO Asphalt, Inc., 2011 WL 2433731, at *2 (E.D.N.Y. May 23, 2011) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 n.7 (2001)); accord Hendrickson v. United States, 791 F.3d 354, 359-60 (2d Cir. 2015) ("[A] district court may retain ancillary jurisdiction to enforce the terms of a settlement agreement [if it] expressly retain[s] jurisdiction over enforcement of the agreement in an order of the court . . . .") (internal quotation marks omitted) (quoting StreetEasy, Inc. v. Chertok, 752 F.3d 298, 305 (2d Cir. 2014)). In this case, the Court issued an order specifically retaining jurisdiction to enforce the Settlement Agreement at the time it approved the agreement and dismissed the action. Order of Discontinuance, filed Feb. 18, 2016 (Docket # 83).

Terms of the Settlement Agreement

Under the Settlement Agreement, the total amount to be paid by defendants was $42,000 at the rate of $3500 per month for 12 months. See Settlement Agreement ¶ 2. The payments were split between the two plaintiffs and their attorney in different ways depending on the month involved. See id. ¶¶ 3(I)-(iii). The plaintiffs were to receive two checks for each month's payment, with half of their respective monthly payments made by a check subject to W-2 withholdings and half made by a check with no tax withholdings. See id. ¶¶ 3(I)-(ii). In the event of a non-payment by the defendants, the agreement provided for a seven day notice and cure period. Id. ¶ 4(b). If the defendants "fail[ed] to timely cure" their default within seven days after notice, the Settlement Agreement provided that

2

>    the remaining unpaid balance of the Settlement sum shall become accelerated and shall become immediately due and payable and Plaintiffs shall be entitled to submit a judgment for entry by Affidavit of Confession of Judgments . . . or otherwise . . . for twice the amount of the settlement sum less any partial payment(s) made.

Id.

At the time of the Settlement Agreement, the defendants each signed a confession of judgment in the amount of $84,000. See Confession of Judgment, dated Feb. 1, 2016 (attached to Settlement Agreement as Ex. B) ("Confession of Judgment"), ¶¶ 3, 5. Each Confession of Judgment provided that in the event defendants failed to timely make a payment, each would owe the entire $84,000 "less an amount equal to double any payments already made at the time of the default." Id. ¶ 5. The parties have not addressed the discrepancy between the Settlement Agreement and the Confession of Judgment in the calculation of the amounts due in the event of default. However, both appear to have used the formula contained in the Confession of Judgment rather than in the Settlement Agreement and thus we shall do so here.

The Date of the Default

The central issue in this matter is the date the acceleration clause was triggered — that is, the date on which defendant "fail[ed] to timely cure" their default. Sanchez-Ramirez alleges that this date was January 3, 2017, see Letter from Jacob Aronauer, dated July 27, 2017 (Docket # 112), while defendants claim their failure to timely cure the default occurred in April 2017, see Letter from Adam C. Weiss, dated Aug. 4, 2017 (Docket # 116); Letter from Adam C. Weiss, dated Aug. 11, 2017 (Docket # 123).

Sanchez-Ramirez first became aware of a problem with defendants' payments in December 2016, when defendants failed to timely send a check to Sanchez-Ramirez's counsel for the December 2016 payment. See Aronauer June 15 Decl. ¶ 8. His counsel gave notice to

3

defendants on December 27, 2016, of the default, but no check had arrived as of the conclusion of the seven-day cure period — that is, January 3, 2017. See Declaration, filed Jan. 17, 2017 (Docket # 88), ¶¶ 8-10. Sanchez-Ramirez then moved for a default judgment, seeking to enforce the Settlement Agreement's acceleration clause. See Motion for a Default Judgment, filed Jan. 17, 2017 (Docket # 87). The Court denied Sanchez-Ramirez's motion because it found that defendants had cured their default by mailing checks prior to the January 3, 2017, deadline. See Order, filed Feb. 27, 2017 (Docket # 92).

As we have learned on this motion, however, these checks were later dishonored by the defendants' bank. Aronauer June 15 Decl. ¶¶ 14-21. Thus, while the Court's February 27, 2017, Order had not found a default because defendants had timely mailed the checks, the premise of the Court's ruling was that the checks mailed were actually valid. Because the checks were not valid, however, defendants did not in fact cure their default. Accordingly, the Court agrees with Sanchez-Ramirez that defendants' default occurred on January 3, 2017, thereby triggering the acceleration clause.

Amount Owed as a Result of the January 3, 2017, Default

Under the acceleration clause in the Confession of Judgment, the plaintiffs were entitled on January 3, 2017, to a judgment for double the settlement amount (i.e. $84,000.00) minus double the remaining amounts due. See Confession of Judgment ¶ 5. Because plaintiffs seek no payments for Arturo Sanchez, who was due a total of $3814.98 under the Settlement Agreement, see Settlement Agreement ¶ 3(ii), we deem the total settlement amount at issue to be $38,185.02 ($42,000 minus $3814.98). Double this amount is $76,370.04. The total amount paid as of January 3, 2017 was $22,874.67. See Declaration, dated Aug. 10, 2017 (Docket # 122), at ¶¶ 13-15. Double this amount is $45,749.34. Thus the total due as of January 3, 2017, under the

4

acceleration clause was $30,620.70 ($76,370.04 minus $45,749.34).

However, since January 3, 2017, defendants have made $2333.32 in payments to plaintiffs' attorney and $3938.54 in payments to Sanchez-Ramirez, for a total of $6271.86. Id. ¶¶ 13-14. Because a plaintiff cannot obtain a judgment for an amount that the plaintiff has already been paid towards a defendant's liability, we subtract the payments made after January 3, 2017, from the total amount of defendants' liability. This results in the figure of $24,348.84 ($30,620.70 minus $6271.86). In subtracting the amounts they paid after January 3, 2017, from their liability, defendants do not get to double these amounts because the acceleration clause does not provide for defendants to get such credit for any post-default payments. Rather, the Confession of Judgment doubles only "any payments already made at the time of the default." Confession of Judgment ¶ 5. Thus, any payments made after January 3, 2017, merely reduce the liability that was fixed by the operation of the acceleration clause at the time of default.

Accordingly, judgment will be entered for $24,348.84. The judgment will run in favor of Jimmy Sanchez-Ramirez and will not specifically name plaintiffs' attorney because the attorney is not a party and attorney's fees obtained by statutory authority belong to the client, not counsel, see, e.g., Lema v. Mugs Ale House Bar, 2014 WL 1230010, at *3 n.3 (E.D.N.Y. Mar. 21, 2014) — though obviously Sanchez-Ramirez has the obligation to permit his attorney to be paid as provided in the Settlement Agreement.

Plaintiffs' Request for W-2 Forms

Plaintiffs also ask that the Court order the defendants to "provide Plaintiffs with W-2s and confirm that the requisite withholding payments have been made." Letter from Jacob Aronauer, filed July 3, 2017 (Docket # 108) ("Pl. Reply"), at 1-2. Defendants have now admitted that "no withholdings were made to any payments made . . . ." Letter from Adam C.

Weiss, filed Aug. 11, 2017 (Docket # 123). The Court takes this to mean that no payments were made to the appropriate government taxing authorities. Accordingly, it would not be possible for the defendants to provide plaintiffs with W-2 tax forms and this request for relief is denied.

Plaintiffs' Request for Attorney's Fees

Finally, plaintiffs' counsel asks that the Court award attorney's fees for plaintiffs' expenses in enforcing the Settlement Agreement. See Aronauer June 15 Decl. ¶¶ 34-36. Plaintiffs argue that because their counsel had to spend "significant time to ensure that [Sanchez-Ramirez is] paid the full monies due under the settlement agreement," their attorney is entitled to fees. See id. The Settlement Agreement, however, does not provide for the payment of attorney's fees following default or at any other time. The cases plaintiffs cite, see Aronauer June 15 Decl. ¶ 36, provide no support for their claim since those cases awarded attorney's fees in circumstances entirely different from the current case. See Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 130 (2d Cir. 1979) (party found in contempt of court); Shady Records, Inc. v. Source Enters., Inc., 351 F. Supp. 2d 64, 72 (S.D.N.Y. 2004) (same); D'Ascoli v. Roura & Melamed, 2003 WL 22019730, at *3 (S.D.N.Y. Aug. 6, 2003) (sanction against attorney under 28 U.S.C. § 1927). In their reply letter, plaintiffs cite to Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509 (S.D.N.Y. 2011). See Pl. Reply at 3. Allende, however, was a claim for attorney's fees following a settlement in which the parties agreed that plaintiff could obtain attorney's fees under the Fair Labor Standards Act. 783 F. Supp. 2d at 511. There was no such agreement here. To the contrary, the Settlement Agreement specifically included fees for plaintiffs' attorney. See Settlement Agreement ¶¶ 2, 3(iii).

Thus, plaintiffs' request for attorney's fees is denied.[1]

Conclusion

For the foregoing reasons, the Clerk is requested to enter judgment in the amount of $24,348.84 against defendants Masters Food Service, Inc., Rick Gursoy, and Ahmad Alouie and in favor of plaintiff Jimmy Sanchez-Ramirez.

SO ORDERED.

Dated: August 17, 2017
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] Plaintiff also seeks fees for dishonored checks. See Summary of Monies Owed (attached as Ex. K to Aronauer June 15 Decl.). He points to no clause in the Settlement Agreement, however, that allows him to collect such fees. Accordingly, this request is denied.

7